FRED A. FENSTER (State Bar No. 50489)
ffenster@rutterhobbs.com
STEVEN E. FORMAKER (State Bar No. 93906)
sformaker@rutterhobbs.com
RUTTER HOBBS & DAVIDOFF
  INCORPORATED
1901 Avenue of the Stars, Suite 1700
Los Angeles, California 90067
Telephone: (310) 286-1700
Facsimile:  (310) 286-1728

Attorneys for Plaintiff CALTEX PLASTICS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CALTEX PLASTICS, INC., a California Corporation,<br><br>            Plaintiff,<br><br>v.<br><br>BERRY PLASTICS CORPORATION, a Delaware Corporation,<br><br>            Defendants. | Case No.: SACV 10-01462 CJC (RZx)<br><br>[Proposed] PROTECTIVE ORDER<br><br>NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT |

The Court having reviewed the Stipulation for Protective Order executed by the parties through their respective counsel, and good cause appearing therefor, IT IS ORDERED:

    1.    Discovery in this action is expected to require the production of non-public confidential information concerning the business affairs of the parties, including but not limited to pricing information, sales and revenue figures, customer identities, and materials that may constitute trade secrets.  There is good cause for the entry of a protective order under Rule 26(c) of the Federal Rules of Civil Procedure with respect to such materials because the disclosure of

1    the pricing information, sales and revenue data, customer identities, and trade
2    secrets could result in competitive injury.
3        2.    As used herein, "Confidential Material" means: (a) non-public price
4    lists and price quotations; (b) non-public sales and revenue figures; (c) non-
5    public information disclosing the identities of any customer of any party
6    providing discovery, including any party to this action or any third party (a
7    "Producing Party"); ~~and (d) any other non-public information that any~~
8    ~~Producing Party reasonably believes, in good faith, is likely to cause competitive~~
9    ~~harm if disclosed or constitutes a trade secret under applicable law.~~
10       3.    "Confidential Material" does not include any information:
11           (a)    that is known to or independently developed by the party
12                  receiving the production (the "Receiving Party");
13           (b)    that, after the disclosure to the Receiving Party by the
14                  Producing Party is revealed to the public or to the Receiving
15                  Party by a person having the unrestricted right to do so; or
16           (c)    that is acquired by the Receiving Party from any third party
17                  which lawfully possesses the information and owes no
18                  contractual duty of non-disclosure to the Producing Party.
19       4.    There shall be two categories of Confidential Material under this
20   Protective Order:
21           (a)    "CONFIDENTIAL," and
22           (b)    "ATTORNEYS' EYES ONLY."
23   The "ATTORNEYS' EYES ONLY" category is reserved exclusively for
24   Confidential Material that constitutes trade secrets under applicable law, or
25   Confidential Material regarding pricing or customer information that, if
26   disclosed to the Receiving Party, would cause competitive injury to the
27   Producing Party.
28       5.    All tangible items or subject matter deemed by the Producing Party

to be subject to this Protective Order shall be visibly marked as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" at the time of production or disclosure to be subject to this Protective Order.  In order to designate an entire multi-page document as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" each page of the document must be so marked, except in the case of electronic documents produced in native format (e.g., Microsoft Excel files), which may be designated by affixing the appropriate designation on the first page of the document.  If not all pages of a document contain Confidential Material, then only those pages deemed in good faith to be subject to each such designation shall be so marked, except in the case of electronic documents produced in native format, which may be designated as described above.  With respect to deposition testimony, blanket designations of an entire deposition transcript as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" should be avoided where possible, although counsel may agree, for the sake of convenience, to temporary treatment of a transcript as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," pending specific page and line designations made by the Producing Party after the deposition transcript for that deposition session or sitting is transcribed by the reporter.  In connection with electronically-produced documents in non-native format, any designation as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall be provided in a metadata field and shall also be stamped on the electronic document itself.

   6. Except pursuant to a prior written consent of the Producing Party or an order of the Court allowing broader disclosure, no Confidential Material which has been designated as "CONFIDENTIAL" shall be disclosed by the Receiving Party to anyone other than (a) this Court and its personnel, (b) any person indicated on the face of a document so designated to be its originator or author or a recipient of a copy thereof, (c) counsel of record for the Receiving Party (including attorneys and employees working for such counsel), (d) experts

1  and consultants retained or consulted in this action by the Receiving Party, (e)
2  executives of the Receiving Party who are actively involved in working with the
3  Receiving Party or its legal counsel in the prosecution, defense, or settlement of
4  these proceedings, and (f) any court reporter before whom a deposition is taken
5  in this action.

6          7.      Except pursuant to a prior written consent of the Producing Party or
7  an order of the Court allowing broader disclosure, no Confidential Material
8  which has been designated as "ATTORNEYS' EYES ONLY" shall be disclosed
9  by the Receiving Party to anyone other than (a) this Court and its personnel, (b)
10 any person indicated on the face of the document to be its originator or author or
11 a recipient of a copy thereof, (c) counsel of record for the Receiving Party
12 (including attorneys and employees working for such counsel), (d) experts or
13 consultants retained or consulted in this action by the Receiving Party, and (e)
14 any court reporter before whom a deposition is taken in this action.

15         8.      All persons to whom disclosure of Confidential Material is made
16 under this Protective Order, other than counsel of record for the parties and the
17 attorneys and employees who work for such counsel, shall be given a copy of the
18 Protective Order prior to such disclosure and, prior to such disclosure, shall sign
19 the form attached hereto as Exhibit "A" indicating that they have read this
20 Protective Order and agree to be bound by its terms.

21         9.      Confidential Material shall be handled in the manner set forth
22 herein and shall be used solely for the purposes of the prosecution or defense of
23 this action unless and until such designation is removed by agreement of counsel
24 for the parties or by order of the Court.  This reciprocal contractual obligation
25 shall survive the termination of this action and shall continue even after the
26 Court loses its current jurisdiction over the parties.
27 ///
28         10.     Where only a portion of a particular document or tangible item

furnished or produced by a Producing Party, or a portion of the transcript of any deposition, is designated as Confidential Material, counsel for the Receiving Party shall delete or redact therefrom the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" portions, before disclosing such information to any person other than those designated herein.

11. Deletions or redactions made from any material or transcript in accordance with the terms of this Protective Order shall not affect the admissibility of any such material or transcript in evidence in this action.

12. Nothing contained herein, including in Paragraph 7 above, shall preclude or impede the ability of the parties' counsel to communicate with their respective clients to provide advice and counseling with respect to this action, based upon counsel's review and analysis of Confidential Material designated as "ATTORNEYS' EYES ONLY." Counsel may discuss with employees and officers of their respective clients who are actively involved in the prosecution, defense, or settlement of this action, the general nature of such "ATTORNEYS' EYES ONLY" materials, without disclosing the specifics of those materials, to the extent necessary to the effective representation of their respective clients.

13. If any Confidential Material is summarized, discussed, or quoted from at any deposition or at any hearing in this action, all persons other than those to whom disclosure is permitted hereunder shall be excluded from such portion of the deposition or hearing.

14. The parties shall endeavor to avoid filing Confidential Materials with the Court to the extent possible. If it becomes necessary to file Confidential Materials with the Court, the party who wishes to file such materials shall (a) seek the consent of the Producing Party to allow such filing,
///
or (b) if such consent is not forthcoming, shall file an application for approval to file the Confidential Materials under seal, pursuant to Local Rule 79-5.1.

15. The designated status of any Confidential Material and any restriction on the disclosure or use of Confidential Material contained in this Protective Order may be changed only by written agreement of the Producing Party or by court order. ~~Before filing any motion for an order changing the designated status of Confidential Material or any restriction of this Protective Order, the Receiving Party shall make a written request to the Producing Party to agree to the requested change. Within fifteen (15) days after such written request is made, the parties shall meet and confer to discuss the request. If, at the end of the aforementioned fifteen day period, the parties have not agreed upon the resolution of the Receiving Party's request, any Receiving Party may file a motion at any time thereafter for an order changing the designated status of Confidential Material or otherwise relieving the Receiving Party from the restrictions of this Protective Order.~~ Any party bringing a motion shall follow the Local Rules. Pending the decision on the motion, the involved item shall be treated in accordance with its designated status. In connection with any such motion, the Producing Party shall have the burden of establishing that the item of protected subject matter contains Confidential Material of such a nature as to justify its designated status or as to justify the restrictions from which the Receiving Party then seeks relief.

16. Any Producing Party who inadvertently produces Confidential Material without designating it as such in accordance with this Protective Order may, within thirty (30) days after such inadvertent production or as soon thereafter as practicable, designate the Confidential Material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," and the material so designated shall thereafter be treated as Confidential Material under this Protective Order, unless the designation is changed pursuant to Paragraph 15 of this Protective Order.

17. Any Producing Party who produces material without intending to

waive a claim of privilege or protection of trial preparation materials with respect thereto does not waive that claim if, within thirty (30) days after production was made or as soon thereafter as practicable, the Producing Party identifies the material or information produced and states the privilege or other protection asserted. After the Producing Party makes that identification, the Receiving Party must promptly return the specified material or information and any copies thereof. The Receiving Party may thereafter seek a ruling from the Court as to the merits of the claim of privilege or protection of trial preparation materials.

18. All Confidential Material shall be retained by the Receiving Party or its counsel of record during the pendency of these proceedings, except that experts and consultants retained or consulted by a Receiving Party, and other persons noted herein or permitted by other agreement, may have custody of one copy of any Confidential Material during the pendency of this proceeding.

19. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action. Moreover, the failure to designate information in accordance with this Protective Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof as of or after any such later date. The entry of this Protective Order shall not be construed as a waiver of any right to object to the disclosure of information in response to discovery and, except as expressly provided, shall not relieve any party of the obligation of producing information in the course of discovery.

20. Upon termination or settlement of these proceedings, including all appeals, each party shall either: (a) return to the Producing Party all "CONFIDENTIAL" and "ATTORNEYS' EYES ONLY" materials produced in discovery, including all copies, summaries, or abstracts not containing attorney

1  work product or information covered by the attorney-client privilege; or (b)
2  destroy, and certify such destruction in writing to the other party or to third
3  parties, as the case may be, all "CONFIDENTIAL" and "ATTORNEYS' EYES
4  ONLY" materials produced in discovery, including all copies, summaries, or
5  abstracts not containing attorney work product or information covered by the
6  attorney-client privilege; provided, however, that each party's counsel may keep
7  one paper archival copy and one electronic archival copy of all pleadings,
8  discovery responses, and documents filed with the Court that contain
9  "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" materials.

This order does not apply to dispositive motions or to proceedings at trial. If a party seeks protection in connection with those proceedings, the party shall apply separately to the judicial officer who will preside over those proceedings, in accordance with the standards governing such proceedings. *See Foltz v. State Farm Mutual Auto Insurance Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003); *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).

DATED: March 29, 2011

_____
UNITED STATES ~~DISTRICT~~ MAGISTRATE JUDGE

# "EXHIBIT A"

## ACKNOWLEDGEMENT OF RECEIPT OF PROTECTIVE ORDER AND AGREEMENT TO BE BOUND THEREBY

I, _____, acknowledge that I have received a copy of the Protective Order entered by the United States District Court for the Central District of California, Southern Division, in *Caltex Plastics, Inc. v. Berry Plastics Corporation*, Case No. SACV 10-01462 CJC (RZx). I agree to be bound by the terms of that Protective Order and submit to the jurisdiction of the United States District Court for the Central District of California with respect to any proceedings to enforce my obligations thereunder.

Dated: _____                    _____
                                                                            *signature*